IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 OCT 20 AM 9: 44

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN. MEMPHIS

ANTONIO L. SAULSBERRY,

    Petitioner,

vs.

DAVID MILLS,

    Respondent.

No. 04-2736-Ma/P

---

## SECOND ORDER FOR RESPONDENT TO FILE STATE-COURT RECORD

---

Petitioner Antonio L. Saulsberry, Tennessee Department of Correction prisoner number 164034, an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, filed a pro se petition pursuant to 28 U.S.C. § 2254 on September 17, 2004, along with a motion seeking leave to proceed in forma pauperis. The Court issued an order on December 30, 2004 that granted leave to proceed in forma pauperis and directed the respondent, within twenty-three (23) days, to file the state-court record and a written response to the petition. Respondent filed a motion to dismiss, along with portions of the state-court record, on April 5, 2005.[1] Petitioner

---

[1]      On February 22, 2005, the Court granted respondent's motion for an extension of time to respond to the petition and extended the due date to April 1, 2005. Not only is respondent's motion untimely, it is also unaccompanied by a motion to accept his late filing or any explanation for his tardiness. The Court will, in this instance, exercise its discretion to accept petitioner's late-filed response.

This document entered on the docket sheet In compliance with Rule 58 and/or 79(a) FRCP on 10-21-05

filed another document in further support of his petition on April 21, 2005.

The respondent has not fully complied with the December 30, 2004 order, which directed him to file "the complete trial and appellate record of Saulsberry's original case, <u>including any retrial on the murder charge</u>, and his subsequent state petition for collateral relief." 12/30/04 Order at 1-2 (emphasis added). The respondent has not submitted documents concerning any retrial on the murder charge and has not provided any information concerning the status of any retrial other than to state that Saulsberry is not in custody on that charge. Moreover, respondent has omitted the transcript of the postconviction hearing.

Because respondent has failed to comply with the December 30, 2004 order, the record before the Court is insufficient to permit resolution of respondent's motion to dismiss the petition as time barred. For example, petitioner contends his attorney affirmatively misrepresented to him that he was filing an application for permission to appeal to the Tennessee Supreme Court. If this position is supported by the evidence, it is possible that the petitioner will be entitled to equitable tolling of the limitations period. In order to evaluate the petitioner's assertion, it is necessary to examine the transcript of the postconviction hearing, where a similar issue was addressed.

2

Respondent is, therefore, ORDERED, within twenty-three (23) days of the date of entry of this order, to comply fully with the December 30, 2004 order. If it is, in fact, the case that petitioner is not currently in custody on the murder charge, respondent may, in lieu of filing the state-court record concerning any retrial of the murder charge, file a statement describing any subsequent proceedings on that charge.

IT IS SO ORDERED this __19ᵗʰ__ day of October, 2005.

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

3

# UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 10 in case 2:04-CV-02736 was distributed by fax, mail, or direct printing on October 21, 2005 to the parties listed.

Antonio L. Saulsberry
WEST TENNESSEE STATE PENITENTIARY
164034
P.O. Box 1150
Henning, TN 38041

Mark A. Fulks
ATTORNEY GENERAL'S OFFICE (NashvilleCr)
P.O. Box 20207
Nashville, TN 37202

Honorable Samuel Mays
US DISTRICT COURT